**CONTINENTAL CASUALTY COMPANY, Appellant,**

v.

**Jack V. ELLIOT, Trustee, Appellee.**

**No. 3782.**

Court of Civil Appeals of Texas.

Waco.

Jan. 12, 1961.

Rehearing Denied Feb. 23, 1961.

Fulbright, Crooker, Freeman, Bates & Jaworski, W. H. Vaughn, Jr., Houston, for appellant.

R. Richard Roberts, Houston, for appellee.

McDONALD, Chief Justice.

Elliot Finance Company of Houston was engaged in the business of purchasing notes secured by liens on trailers and other chattels. George Hartman, Jr. had worked for Elliot handling collections on notes. In January, 1948, Hartman opened a trailer sales agency in Port Arthur and requested Elliot to purchase or "discount his paper" on sales made in Port Arthur. Elliot had no processing or collection facilities in the Port Arthur area, but agreed to the arrangement on condition Hartman would undertake collection and processing duties on the notes, and furnish a bond.

Continental Casualty Company issued a bond on Hartman, pertinent portions of which are:

"Continental Casualty Company * * agrees to pay to Elliot Finance Company * * * the amount of all direct losses which George R. Hartman * * may, while in any position and at any location in the service of the employer * * * cause to the employer * * * not exceeding $25,000., through larceny, theft, embezzlement, forgery, misappropriation, wrongful abstraction, willful misappropriation, or any other act of fraud or dishonesty * * *."

Thereafter, Hartman entered on his duties as collection and processing employee of Elliot. During such time, and while employed by Elliot, he sold Elliot a number of notes secured by mortgages on house trailers, and then made collections on these. Likewise during such period Hartman sold Elliot in excess of $200,000 of forged notes and mortgages.

Elliot sued Continental Casualty on the bond, contending the bond covered its losses under the foregoing situation, up to $25,000, (the amount of the bond).

Trial was before the court without a jury which, after hearing, rendered judgment for Elliot on the bond for $25,000 plus certain interest.

Continental Casualty appeals, contending that the bond did not cover the loss sustained by Elliot.

The question in this case is whether the bond issued by Continental covers Elliot's loss.

We think the bond expresses in plain language of easy understanding that the bonding company will pay Elliot all losses it sustains by reason of Hartman's dishonesty (up to the amount of the bond) while Hartman is employed by Elliot.

Appellant Bonding Company contends that they owe nothing under the bond because Hartman did not cause Elliot loss arising directly out of his employment as a collections agent.

The bond does not say that Continental will pay losses only resulting from Hartman's performance of duties as a collection agent. It says it will pay all losses which Hartman causes Elliot while in Elliot's employ, caused by named acts of dishonesty, or "by any other act of fraud or dishonesty."

Maryland Casualty Co. v. First National Bank of Montgomery, 5 Cir., 246 F. 892, 900, 246 U.S. 670, 38 S.Ct. 345, 62 L.Ed. 931, certiorari denied is a case almost precisely in point. In such case the bonding company contended that its bond covered only those activities of the employee while acting within the scope of his duties as a bookkeeper at the bank. The act of defalcation was the presentation of a bad check

drawn by the employee on another bank. This act was in nowise connected with or an outgrowth of the employee's duties as a bookkeeper, but was in the ordinary course of business as any other member of the public. In that case the court held:

"The bond insures against losses 'sustained by reason of any act or acts of fraud, dishonesty, forgery, embezzlement, wrongful abstraction, or willful misapplication on the part of any employé (while in any position in the service of the employer and committed directly or through connivance with others) named in the schedule hereto attached.' Nothing in the terms of the contract confines the losses insured against to such as resulted from acts of fraud, dishonesty, etc., committed by the employé while in the performance of service for which he was employed. * * * The language used is broad enough to cover a loss due to the fraud or dishonesty of a named employé, though his misconduct was in a dealing between him and the employer not connected with the rendition of the service for which he was employed."

The 5th Circuit, supra, held where the employee, a bookkeeper, defrauded the bank in a transaction relating to a bad check, through an independant transaction unrelated to his bookkeeping duties, and in which he was acting as an individual and not as the bank's bookkeeper, the bonding company was liable simply because the transaction took place while the bonded party was "in the service of the bank."

We think that the bond issued by Continental Casualty Company covers Elliot's loss.

Further to the foregoing, we think that even if Continental's contention is correct, (that it is not liable for loss caused by a fraudulent transaction independent and separate from the employment), that the sale of the notes by Hartman to Elliot, under an arrangement whereby Hartman would thereafter service, process, and make collections on the notes, is so interrelated that the bond covers the factual situation here presented, in any event.

The judgment of the Trial Court is Affirmed.